IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES C. SOLOMON                                                                           PETITIONER

v.                                    CASE NO. 5:15-cv-05304-TLB

STATE OF ARKANSAS                                                                         RESPONDENT

## ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 7) filed in this case on January 20, 2016, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Petitioner James C. Solomon's second application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). In light of Solomon's Objections to the R&R (Doc. 10), which he filed on March 23, 2016, the Court has conducted a *de novo* review of the record, focusing in particular on the portions of the R&R to which specific objections have been made, in accordance with 28 U.S.C. § 636(b)(1)(C).

## I.   BACKGROUND

On January 19, 2012, Solomon filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court, case number 5:12-cv-05011. The Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas, recommended dismissal with prejudice because the petition was untimely, Solomon failed to exhaust his state remedies, and his arguments were without merit. *Solomon v. ADC*, No. 5:12-cv-05011, Doc. 10. The petition was thereafter dismissed with prejudice on July 11, 2012. *Id.* at Doc. 15.

On December 22, 2015, Solomon filed this, his second Petition, which Magistrate Judge Setser reviewed and recommended be dismissed without prejudice as a second or successive § 2254 petition filed without complying with the certification requirement in § 2244(b)(3)(A). (Doc. 7). Solomon then filed his response to the Magistrate Judge's R&R, in which he argues that his lack of access to the law library and legal materials prevented him from filing his first § 2254 petition within the statute of limitations. (Doc. 10, pp. 2-4). Additionally, Solomon generally argues that he is innocent, that the evidence presented at trial proves it, and that he deserves a chance to have his claims heard. *Id.* at pp. 4-8.

## II.  DISCUSSION

Solomon's first habeas petition was dismissed with prejudice as untimely, for failure to exhaust state remedies, and because his arguments were meritless. *See Solomon v. ADC*, No. 5:12-CV-05011, Doc. 10. Dismissal of a habeas petition on statute of limitations grounds constitutes an adjudication on the merits, rendering subsequent petitions "second or successive" and thus subject to the provisions of § 2244(b). *See Diaz-Diaz v. United States*, 297 Fed. Appx. 574, 575 (8th Cir. 2008) (per curiam) (holding that a denial as untimely is considered to be made on the merits); *Johnson v. Workman*, 446 Fed. Appx. 92, 93 n.1 (10th Cir. 2011) ("The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive."); *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (per curiam) (same); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (same); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (same).

Specifically, 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Thus, because this Petition is a second or successive one, and Solomon did not obtain prior authorization from the Court of Appeals before filing, this Court is without jurisdiction to consider the Petition, and it must be dismissed. *See Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (holding that where petitioner's action under 42 U.S.C. § 1983 was construed as the equivalent of a successive habeas action, the district court correctly found that it did not have jurisdiction because leave required by 28 U.S.C. § 2244(b)(3)(A) had not been requested or obtained).

Solomon seems to raise several arguments as to why § 2244(b)(3)(A) should not apply to him. First, Solomon objects to the earlier dismissal by arguing he did not know about the statute of limitations requirement in § 2244(d) because he did not have access to the law library or legal materials. (Doc. 10, p. 2-4). However, "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003).

Moreover, although Solomon does not couch his argument as one for tolling, he is not entitled to equitable tolling to exempt him from § 2244(b)(3)(A)'s certification requirement. Equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v.*

*Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Equitable tolling cannot be based on commonplace and non-external excuses such as inadequate legal assistance or prisoner ignorance, and an incarcerated inmate's limited law library access and alleged lack of notice of the statute of limitations are inadequate reasons to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001).

Additionally, Solomon argues that he is actually innocent and seems to suggest that this argument exempts him from § 2244(b)'s requirement that he receive authorization from the Court of Appeals before filing a successive petition. However, this is simply not true. Although a claim of actual innocence may serve as a gateway through which a petitioner may pass to overcome a procedural bar, a state prisoner seeking relief in a successive federal habeas proceeding must "come forward not only with new reliable evidence which was not presented at trial, but . . . come forward with new reliable evidence which was not available at trial through the exercise of due diligence." *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011). Here, Solomon's actual-innocence argument relies only on the testimony given at trial and his interpretation of that testimony, neither of which constitutes new reliable evidence. (Doc. 10, pp. 5-8).

Furthermore, in *Gonzalez v. Crosby*, the United States Supreme Court stated that courts of appeals must determine that a successive petition presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions "*before* [a] district court may accept [the] successive petition for filing." 545 U.S. 524, 529 (2005) (emphasis added). *See also Pawliszko v. Dooley*, 2015 WL 9312526 (D. Minn. Nov. 30, 2015) ("Indeed, an actual-innocence exception to

§ 2244(b)(3)(A) would nearly eviscerate that provision, as actual-innocence claims are one of only two types of claims that can be authorized *at all* for consideration in a second-or-successive habeas petition."). Thus, because this Petition is second or successive and was filed without compliance with the certification requirement, this Court is without jurisdiction to address Solomon's objection based on his actual-innocence argument.

### III. CONCLUSION

Accordingly, for the reasons described herein, the Court finds that Solomon's objections offer neither law nor fact requiring departure from the Magistrate's findings. The R&R (Doc. 7) is **ADOPTED IN ITS ENTIRETY**, and Petitioner's § 2254 Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 19th day of July, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE